VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF PETERSBURG

SAMUEL A. BUTTARI, SR. AND JAMIE MCCANN, CO-ADMINISTRATORS
OF THE ESTATE OF RYAN DYLAN BUTTARI, DECEASED,

Plaintiffs,

v.                                          Case No.:

MICHAEL EVERETTE,
Serve:      Richard D. Holcomb, Commissioner
            Department of Motor Vehicles
            2300 W. Broad Street
            Richmond, Virginia 23269

AND

M AND C TRANSFER, LLC,
Serve:      State Corporation Commission
            1300 East Main Street
            Tyler Building, 1st Floor
            Richmond, Virginia 23219

AND

88 FREIGHT, LLC,
Serve:      State Corporation Commission
            1300 East Main Street
            Tyler Building, 1st Floor
            Richmond, Virginia 23219

Defendants.

## **COMPLAINT**

TO THE HONORABLE JUDGES
OF THE AFORESAID COURT:

## COUNT I

COMES NOW, the plaintiffs, Samuel A. Buttari, Sr. and Jamie McCann, Co-Administrators of the Estate of Ryan Dylan Buttari, deceased, by counsel, and moves this Honorable Court for a Judgment and Award of Execution against the defendants, Michael Everette, M and C Transfer, LLC, and 88 Freight, LLC, jointly and severally, in the sum of FIFTEEN MILLION DOLLARS, ($15,000,000.00), representing compensatory damages for the following reasons, to-wit:

1.      Plaintiffs qualified and were duly appointment Administrators of the Estate of Ryan Dylan Buttari, deceased, by the Circuit Court of Sussex County on November 30, 2020, and a copy of their Certificate of Qualification is attached hereto, incorporated herein by this reference, and marked as Exhibit A, and;

2.      That on or about Saturday, September 26, 2020, at approximately 10:50 a.m., the plaintiffs' decedent, Ryan Dylan Buttari, was a passenger in a 1994 Ford Ranger Super Cab pick-up truck headed in a northerly direction on I-95 at or near Exit 51, and;

3.      That at the same time, place and date, defendant, Michael Everette, was operating a 2007 Peterbilt 387 tractor trailer, at the request and benefit of defendants, M and C Transfer, LLC and 88 Freight, LLC, and the defendant, Michael Everette, operated said vehicle as an agent and employee for defendants, M and C Transfer, LLC and 88 Freight, LLC, by and with defendants, M and C Transfer, LLC and 88 Freight, LLC's permission and within the scope of defendant Michael Everette's authority and employment, headed in a northerly direction on I-95 at or near Exit 51, and;

2

4.      That the defendant, Michael Everette, under the scope of employment with defendants, M and C Transfer, LLC and 88 Freight, LLC, operated his vehicle in a careless, reckless, and negligent manner, so as to strike a 2015 Ford tow truck and a 2012 Ford F-250 pickup truck and then strike the rear of the vehicle in which the plaintiffs' decedent was a passenger and several other vehicles, and;

5.      That the defendant, Michael Everette, operated his vehicle in a careless, reckless, and negligent manner so as to cause the death of the plaintiffs' decedent, Ryan Dylan Buttari, and;

6.      That by reason of and as a direct and proximate result of the negligence of the defendant, Michael Everette, the plaintiffs' decedent was caused to suffer fatal injuries and died as a result of the defendant's negligence on September 26, 2020, and;

7.      That the plaintiffs' decedent at the time of his death was 6 years of age and was in good health, and;

8.      The plaintiffs' decedent died intestate and is survived by the following statutory beneficiaries:

Samuel A. Buttari, Sr. – father

Jamie McCann – mother

Shawn McCann, age 26 – brother

Steven McCann, age 23 - brother

Jessie McCann, age 22 – brother

Samuel Buttari, Jr., age 20 – brother

Jonathan Buttari, age 19 – brother

3

Samantha Buttari, age 5 - sister

By reason of the death of the decedent, said beneficiaries have sustained financial and pecuniary loss as a result of the death of the plaintiffs' decedent and have suffered severe mental anguish at the loss of his company and counsel.

Pursuant to §8.01-52 of the Code of Virginia plaintiffs claim damages against the defendants, Michael Everette, M and C Transfer, LLC, and 88 Freight, LLC, jointly and severally, in the amount of FIFTEEN MILLION DOLLARS ($15,000,000.00) for compensatory damages on behalf of the decedent's beneficiaries, including but not limited to the following:

(a)   The loss of the life of the plaintiff's decedent

(b)   Sorrow, mental anguish, and solace, including society, companionship, comfort, guidance, kindly offices and advice of the plaintiffs' decedent

(c)   Compensation for reasonably expected loss of services, Protection, care and assistance provided by the Plaintiffs' decedent

(d)   Funeral expenses of plaintiffs' decedent

(e)   For punitive damages for the gross, willful, wanton, and Reckless conduct of the defendant demonstrating a Conscious disregard for the safety of others.

9.     That by reason of and as a direct and proximate result of which the plaintiffs have sustained damages in the extent of FIFTEEN MILLION DOLLARS ($15,000,000.00).

4

## COUNT II

COMES NOW, the plaintiffs, Samuel A. Buttari, Sr. and Jamie McCann, Co-Administrators of the Estate of Ryan Dylan Buttari, deceased, by counsel, and moves this Honorable Court for a Judgment and Award of Execution against the defendants, Michael Everette, M and C Transfer, LLC, and 88 Freight, LLC, jointly and severally, in the sum of THREE HUNDRED FIFTY THOUSAND DOLLARS, ($350,000.00), representing punitive damages for the following reasons, to-wit:

1.      That all the allegations contained in Count I are incorporated herein and made a part hereof by this reference.

2.      That the defendant, Michael Everette, operated his automobile with gross negligence and in such a willful and wanton manner as to show a conscious disregard for the rights and safety of others and he thereby caused the death of the plaintiffs' decedent, and;

3.      That on September 26, 2020, a digital overhead sign on northbound Interstate 95, approximately 10 miles before the subject crash, warned the defendant, and other motorists, of an earlier crash, stopped traffic, and lane blockages.

4.      That on September 26, 2020, a second digital overhead sign on northbound Interstate 95, approximately 4 to 5 miles, before the subject crash warned the defendant, and other motorists, of an earlier crash, stopped traffic, and lane blockages.

5.      Both of the aforementioned digital signs were working and plainly visible to the defendant as he traveled northbound on Interstate 95 on September 26, 2020.

6.      Said gross negligence and willful and wanton conduct of the defendant, Michael Everette, includes, but is not limited to, ignoring the two digital overhead signs, failing to decrease his speed, and pay attention to traffic ahead of him.  As a result, the defendant crashed into seven vehicles, which were stopped or slowing for traffic, at full speed.  This was a proximate cause of the fatal injury to the plaintiffs' decedent, and;

7.  As a direct and proximate cause of the gross, willful, and wanton negligence of the defendant, Michael Everette, the plaintiffs' decedent lost his life and the plaintiffs should recover therefore punitive damages in the sum of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00), in addition to the compensatory damages in this action.

WHEREFORE, the plaintiffs prays that they be granted a judgment against the defendants, Michael Everette, M and C Transfer, LLC, and 88 Freight, LLC, jointly and severally, in the amount of FIFTEEN MILLION DOLLARS ($15,000,000.00) for compensatory damages and that the plaintiffs be granted a judgment against the defendants, Michael Everette, M and C Transfer, LLC, and 88 Freight, LLC, jointly and severally, in the amount of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) for punitive damages for the negligence aforesaid.

A trial by jury is demanded.

## REQUEST FOR ADMISSION TO DEFENDANTS

COMES NOW, the plaintiffs, Samuel A. Buttari, Sr. and Jamie McCann, Co-Administrators of the Estate of Ryan Dylan Buttari, deceased, by counsel, and pursuant to Rule 4:11 of the Rules of the Supreme Court of Virginia, calls upon the defendants, Michael Everette, M and C Transfer, LLC, and 88 Freight, LLC, jointly and severally, to make the following admissions within twenty-eight (28) days after service hereof:

1.      Admit or deny that the defendant, Michael Everette, was the operator of a Peterbilt 387 tractor trailer headed in a northerly direction on I-95 at or near Exit 51 on Saturday, September 26, 2020 at approximately 10:50 a.m.

**RESPONSE:**

6

2.    Admit or deny that no third party and/or "John Doe" caused or contributed to this accident sued upon.

**RESPONSE:**

3.    Admit or deny that defendant, Michael Everette, was in the scope of his employment with defendant, M and C Transfer, LLC, on Saturday, September 26, 2020, at approximately 10:50 a.m., when the subject accident occurred.

**RESPONSE:**

4.    Admit or deny that defendant, Michael Everette, was in the scope of his employment with defendant, 88 Freight, LLC, on Saturday, September 26, 2020, at approximately 10:50 a.m., when the subject accident occurred.

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MICHAEL EVERETTE AND M AND C TRANSFER, LLC

Pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia, the plaintiffs, Samuel A. Buttari, Sr. and Jamie McCann, Co-Administrators of the Estate of Ryan Dylan Buttari, deceased, by counsel, calls upon the defendants, Michael Everette and M and C Transfer, LLC to file answers, in writing and under oath, to the following Interrogatories, amending them as additional information becomes available, and to serve a true copy thereof on plaintiff's counsel within twenty-eight (28) days after service hereof.

## INSTRUCTIONS

a.      These Interrogatories are continuing in character so as to require you to file supplementary Answers if you should obtain further or different information before trial.

b.      "Person" shall mean the plural as well as the singular and shall include any natural person, corporation, partnership, joint venture, association, government agency and every other form of entity cognizable at law.

c.      "Identity" and "identify" when used in referenced to an individual person means to state the full name, relationship to you, present or last known home and business addresses, home and business telephone numbers, and the present or last known position and business affiliation of such person.

d.      Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the Complaint.

e.      "You" and "your" means the defendant, his agents, employees, representatives, experts, investigators, insurers, attorneys, or anyone acting on behalf of the foregoing.

f.      The phrase "state the facts" with respect to a specified matter shall mean to state each and every act, omission, incident, event, condition, or circumstance pertinent to the matter.

g.      With respect to your answer to each Interrogatory, state the source of the information given therein with as much particularity as is reasonably possible, including the identity of each person or document providing the information included in such answer.  In addition, identify each other person known or believed to have some or all of the information provided in such Answer.  Whenever you do not have knowledge of or access to the requested information, please identify the person who or identity which can provide such information.

h.      All Interrogatories should be answered on the basis of defendant's knowledge or information and belief, including that learned through hearsay, and including the persons mentioned above in clause "e".

8

i.      If you cannot answer an Interrogatory after conducting a reasonable investigation, you should so state and answer to the extent that you can, stating what information you do have, what information you cannot provide, and what efforts you have made to obtain the unknown, requested information.

j.      "Documents" means any written, recorded or graphic matter, however produced or reproduced, and whether or not claimed to be privileged against discovery on any grounds, including but not limited to, statements, reports, records, lists, memoranda, telegrams, correspondence, schedules, photographs, videotapes, sound recordings, microfilm, microfiche, files and information stored in computers or other data or word processing equipment.

k.      If you believe that any of the following discovery requests call for information or documents subject to a claim of privilege, answer or produce as much as is not objected to, state that part of each discovery request as to which you raise objection and set forth the basis for your claim of privilege with respect to such information as you refuse to give, including a statement identifying the nature of the information withheld; for each document as to which you claim privilege, state the date and subject matter for the document, the names of the persons who prepared the document and the names of the persons for whom the document was intended.

## **INTERROGATORIES**

1.      State your full name and all names by which you have been known, your residence addresses for the past five (5) years, date of birth, marital status and social security number.

**ANSWER:**

9

2.      State the name, address, named insured (if different from you), name of the insurer, and policy limits of any motor vehicle liability carrier that afforded coverage to you and/or the tractor or trailer while you were operating the motor vehicle involved in the accident in question.

a.      In answering this interrogatory, take into consideration where applicable: owned motor vehicles, non-owned motor vehicles, any insurance coverage that might be available to you because of residing in the same household as a relative, or any excess policies that might afford coverage to you.

b.      For each policy listed, identify any applicable self-insured retention.

c.      If there is any questionable liability insurance coverage, state the basis for denying or questioning the coverage that might otherwise be afforded.

**ANSWER:**


3.      Identify all umbrella or other insurance policies which may provide coverage to you in excess of the liability coverage identified in response to Interrogatory No. 2. For each such policy, state the name of the insurer, address, named insured (if different from you), and policy limits.

**ANSWER:**


4.      State the name, address and telephone number of all eyewitnesses to the accident sued upon.

**ANSWER:**


5.      State the name, address, and telephone number of each person (not an eyewitness) who saw, heard or have any knowledge of events leading up to or concerning the collision in question, interviewed by or known to you, any insurance carrier affording you coverage, or counsel, and any other witness(es) you plan to call to testify at trial.

**ANSWER:**

10

6.      Identify all persons you may call as a witness at trial having knowledge of the injuries sustained by the plaintiffs' decedent or the plaintiffs' decedent's pre-accident health, physical condition, activity or limitations.

**ANSWER:**

7.      Identify each expert obtained or retained in anticipation of litigation or for trial and whom you expect to call as a witness for trial and for each person identified state the subject matter on which he is expected to testify, the substance of the facts and his opinions and a summary of the grounds of each opinion.

**ANSWER:**

8.      Identify any photographs, social media posts, motion pictures, video tape, maps, plats, plans, drawings, exhibits and models of the location of the occurrence, witnesses, parties, property, machinery and automobiles involved in the occurrence which are in your possession, to which you have access or of which you have knowledge.  In answering this interrogatory:

    a.      List each such item describing its subject matter;

    b.      date or dates upon which they were taken and by whom taken;

    c.      the identity of the person who now has custody or possession of the item identified.

**ANSWER:**

11

9.     State in your own words a narrative of how the accident happened.  In answering this interrogatory:

(a)     Identify the load carried by the truck at the time of the accident and who hired you to transport the load.

(b)     Identify how the load was paid for and by whom.

(c)     State the exact time the load was picked up, the intended destination, including the name and address of the intended delivery location, and the scheduled delivery time and date.

**ANSWER:**


10.     State each of your defenses including any affirmative defenses and the facts you will rely upon to support the defenses asserted in your Answer; if you contend that the plaintiffs' decedent was guilty of negligence or someone besides yourself caused or contributed to this accident, then state all facts which support your allegations.

**ANSWER:**


11.     State all facts you rely upon to support your denial of any allegation contained in plaintiffs' Complaint.

**ANSWER:**


12.     For each Request for Admission not unqualifiedly admitted, please set forth in detail all facts and reasons for such denial or qualification.

**ANSWER:**

12

13.     If you claim the existence of any mechanical problem or equipment defect with your vehicle that was involved in the collision in question, please describe such mechanical problem in detail and if so:

    a.    The name of the business, address and date your vehicle was lasted inspected prior to the collision in question; and

    b.    The name of the business, address and date your vehicle was repaired after the collision in question; and

    c.    The date you first experienced the mechanical problem with your vehicle prior to the date of the collision in question.

**ANSWER:**

14.  Identify the owner and operator/driver of the vehicle involved in the occurrence.  If you were not the owner, please indicate whether you were operating/driving the vehicle with the owner's permission and, if so, the time, date and place where such permission was given.

**ANSWER:**

15.     State the name, address, and telephone number of all health providers seen for injuries sustained in the accident now sued upon.

**ANSWER:**

13

16.     State whether or not you had a car phone, cellular phone, Citizen Band Radio ("CB") or any other type of communication device (hereinafter "communication device") in your vehicle at the time of the accident complained of herein, and if so:

    a.     describe in detail the type of communication devise; and

    b.     describe in detail the location of the device immediately prior to the accident; and

    c.     state whether or not you were using the communication device at the time of the accident complained of or at any time immediately prior to the accident; and

    d.     state whether or not the communication device was on but not in use at the time of the accident complained of or at any time prior to the accident;

    e.     State the service provider of the communication device, the individual's name under which the account is held and the telephone number assigned to the communication device.

**ANSWER:**


17.     Were you charged with a violation of any ordinance, regulation or statute in connection with the incident, giving rise to this suit?  If so, state the offense with what you were charged, the court hearing the matter, the date of hearing(s), and your plea to the charge.  If applicable, please also identify the stenographer and/or stenograph service, which transcribed or recorded any trial, hearing or court proceeding held in conjunction with this occurrence.

**ANSWER:**

18.     Did you drink any alcoholic beverages or did you take any medication or drugs for the 24-hour period prior to the accident.  If so, please identify the type of beverage/medication/drugs; the amount consumed; the time consumed; any witnesses, including address and telephone number, to the consumption; and the location(s) of such consumption.

**ANSWER:**

19.     If you have ever been convicted of a felony or misdemeanor involving moral turpitude, state the date of the conviction, the court in which you were convicted and the crime of which you were convicted.

**ANSWER:**

20.     Identify your employer(s) on the date of the collision in question, including any self-employment, and state the business address of your employer, the address of the location where you worked, and whether you were in the scope of your employment at the time of the collision.

**ANSWER:**

21.     If you contend that any of the plaintiffs' decedent's medical treatment or claimed medical expense was/is unreasonable in nature or amount, was not medically necessary, or was not the proximate result of the injury sustained by the plaintiff's decedent in the subject accident, please identify the specific treatment and/or subject accident, please identify the specific treatment and/or bill(s) as to which you make such a contention, describe in complete detail the basis for your contention, and identify all documents, evidence, and/or expected testimony that supports your contention.

**ANSWER:**

22.   Identify all persons that were employed by you for the two-year period prior to September 26, 2020, including their names, employment title/position, and whether they are currently employed by you.

**ANSWER:**


23.   Identify and produce all written agreements between 88 Freight Services, LLC, Halal Freight, LLC, Michael Everette, and/or M and C Transfer, LLC.

**ANSWER:**


24.   State the precise method by which compensation was determined for the payment of Michael Everette and/or M and C Transfer, LCL for the trip during which the accident occurred.

**ANSWER:**


25.   In regard to the load that was being hauled by Michael Everette at the time of the sued upon accident, please state the following:

(a)   Who owned the load;

(b)   Who was retained to transport the load.

(c)   State the exact time the load was picked up, the intended destination, including the name and address of the intended delivery location, and the scheduled delivery time and date.

**ANSWER:**


These Interrogatories shall be deemed continuing under the provisions of Rule 4:1 (e) so as to require reasonable supplementation to answers if you or anyone acting on your behalf obtains further information which would be required to be furnished under the answers to any of the foregoing Interrogatories.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT 88 FREIGHT, LLC

Pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia, the plaintiffs, Samuel A. Buttari, Sr. and Jamie McCann, Co-Administrators of the Estate of Ryan Dylan Buttari, deceased, by counsel, calls upon the defendant, 88 Freight, LLC, to file answers, in writing and under oath, to the following Interrogatories, amending them as additional information becomes available, and to serve a true copy thereof on plaintiff's counsel within twenty-eight (28) days after service hereof.

## INSTRUCTIONS

a.      These Interrogatories are continuing in character so as to require you to file supplementary Answers if you should obtain further or different information before trial.

b.      "Person" shall mean the plural as well as the singular and shall include any natural person, corporation, partnership, joint venture, association, government agency and every other form of entity cognizable at law.

c.      "Identity" and "identify" when used in referenced to an individual person means to state the full name, relationship to you, present or last known home and business addresses, home and business telephone numbers, and the present or last known position and business affiliation of such person.

d.      Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the Complaint.

e.      "You" and "your" means the defendant, his agents, employees, representatives, experts, investigators, insurers, attorneys, or anyone acting on behalf of the foregoing.

f.      The phrase "state the facts" with respect to a specified matter shall mean to state each and every act, omission, incident, event, condition, or circumstance pertinent to the matter.

g.      With respect to your answer to each Interrogatory, state the source of the information given therein with as much particularity as is reasonably possible, including

17

the identity of each person or document providing the information included in such answer.  In addition, identify each other person known or believed to have some or all of the information provided in such Answer.  Whenever you do not have knowledge of or access to the requested information, please identify the person who or identity which can provide such information.

     h.     All Interrogatories should be answered on the basis of defendant's knowledge or information and belief, including that learned through hearsay, and including the persons mentioned above in clause "e".

     i.     If you cannot answer an Interrogatory after conducting a reasonable investigation, you should so state and answer to the extent that you can, stating what information you do have, what information you cannot provide, and what efforts you have made to obtain the unknown, requested information.

     j.     "Documents" means any written, recorded or graphic matter, however produced or reproduced, and whether or not claimed to be privileged against discovery on any grounds, including but not limited to, statements, reports, records, lists, memoranda, telegrams, correspondence, schedules, photographs, videotapes, sound recordings, microfilm, microfiche, files and information stored in computers or other data or word processing equipment.

     k.     If you believe that any of the following discovery requests call for information or documents subject to a claim of privilege, answer or produce as much as is not objected to, state that part of each discovery request as to which you raise objection and set forth the basis for your claim of privilege with respect to such information as you refuse to give, including a statement identifying the nature of the information withheld; for each document as to which you claim privilege, state the date and subject matter for the document, the names of the persons who prepared the document and the names of the persons for whom the document was intended.

18

## INTERROGATORIES

1.     State the name(s) of all individuals who assisted in answering the plaintiffs' interrogatories.

**ANSWER:**


2.     Identify all insurance carriers, umbrella policies, or self-insured funds, by name, address, policy numbers and policy limits, for any insurance policy or fund which may provide coverage for any judgment entered against you related to this occurrence. If you are aware of any indemnification or contribution agreements between any of the Defendants, please identify those agreements.

**ANSWER:**


3.     State the name, address and telephone number of all eyewitnesses to the accident sued upon.

**ANSWER:**


4.     State the name, address, and telephone number of each person (not an eyewitness) who saw, heard or have any knowledge of events leading up to or concerning the collision in question, interviewed by or known to you, any insurance carrier affording you coverage, or counsel, and any other witness(es) you plan to call to testify at trial.

**ANSWER:**


5.     Identify all persons you may call as a witness at trial having knowledge of the injuries sustained by the plaintiffs' decedent or the plaintiffs' decedent's pre-accident health, physical condition, activity or limitations.

**ANSWER:**

6.      Identify each expert obtained or retained in anticipation of litigation or for trial and whom you expect to call as a witness for trial and for each person identified state the subject matter on which he is expected to testify, the substance of the facts and his opinions and a summary of the grounds of each opinion.

**ANSWER:**


7.      Identify any photographs, social media posts, motion pictures, video tape, maps, plats, plans, drawings, exhibits and models of the location of the occurrence, witnesses, parties, property, machinery and automobiles involved in the occurrence which are in your possession, to which you have access or of which you have knowledge.  In answering this interrogatory:

    a.      List each such item describing its subject matter;

    b.      date or dates upon which they were taken and by whom taken;

    c.      the identity of the person who now has custody or possession of the item identified.

**ANSWER:**


8.      State in your own words a narrative of how the accident happened.  In answering this interrogatory:

    (a)      Identify the load carried by the truck at the time of the accident and who hired you to transport the load.

    (b)      Identify how the load was paid for and by whom.

    (c)      State the exact time the load was picked up, the intended destination, including the name and address of the intended delivery location, and the scheduled delivery time and date.

**ANSWER:**

9.     State each of your defenses including any affirmative defenses and the facts you will rely upon to support the defenses asserted in your Answer; if you contend that the plaintiffs' decedent was guilty of negligence or someone besides yourself caused or contributed to this accident, then state all facts which support your allegations.

**ANSWER:**

10.     State all facts you rely upon to support your denial of any allegation contained in plaintiffs' Complaint.

**ANSWER:**

11.     For each Request for Admission not unqualifiedly admitted, please set forth in detail all facts and reasons for such denial or qualification.

**ANSWER:**

12.   Identify the owner and operator/driver of the vehicle involved in the occurrence.  If you were not the owner, please indicate whether you were operating/driving the vehicle with the owner's permission and, if so, the time, date and place where such permission was given.

**ANSWER:**

13.     If you contend that any of the plaintiffs' decedent's medical treatment or claimed medical expense was/is unreasonable in nature or amount, was not medically necessary, or was not the proximate result of the injury sustained by the plaintiffs' decedent in the subject accident, please identify the specific treatment and/or subject accident, please identify the specific treatment and/or bill(s) as to which you make such a contention, describe in complete detail the basis for your contention, and identify all documents, evidence, and/or expected testimony that supports your contention.

**ANSWER:**

14.     Identify all persons that were employed by you for the two-year period prior to September 26, 2020, including their names, employment title/position, and whether they are currently employed by you. In your answer, also include all individuals or entities during the stated time-frame that you allege are/were independent contractors.

**ANSWER:**

15.     Identify the date on which Michael Everette and/or M and C Transfer, LLC was hired, selected, or retained to transport any loads, the identity of the person who hired Michael Everette and/or M and C Transfer, LLC and the terms of any written or oral contract of employment or other contract.

**ANSWER:**

16.     Describe all training that 88 Freight Services, LLC provides or requires for its drivers/operators or contractors and include in your answer any procedure, training or safety manuals provided to employees or independent contractors.

**ANSWER:**

17.     What, if any, background information did you obtain, or attempt to obtain, regarding Michael Everette and/or M and C Transfer, LLC's driving history and/or safety record prior to engaging their services.

**ANSWER:**

18.     Identify and produce all written agreements between 88 Freight Services, LLC, Halal Freight, LLC, Michael Everette, and/or M and C Transfer, LLC.

**ANSWER:**

19.     State the precise method by which compensation was determined for the payment of Michael Everette and/or M and C Transfer, LCL for the trip during which the accident occurred.

**ANSWER:**


20.     In regard to the load that was being hauled by Michael Everette at the time of the sued upon accident, please state the following:

(a)     Who owned the load;

(b)     Who was retained to transport the load.

(c)     State the exact time the load was picked up, the intended destination, including the name and address of the intended delivery location, and the scheduled delivery time and date.

**ANSWER:**


21.     Identify all persons employed by you prior to September 26, 2020 who had any contact, whether oral, written, or via electronic means such as email or text messaging, with Michael Everette or any agent or employee of M and C Transfer, LLC. For each such person, included their name, employment title/position, and whether they are currently employed by you. Please produce all such communications.

**ANSWER:**


These Interrogatories shall be deemed continuing under the provisions of Rule 4:1 (e) so as to require reasonable supplementation to answers if you or anyone acting on your behalf obtains further information which would be required to be furnished under the answers to any of the foregoing Interrogatories.

## <u>PLAINTIFFS' REQUEST FOR PRODUCTION</u>

COMES NOW, the plaintiffs, Samuel A. Buttari, Sr. and Jamie McCann, Co-Administrators of the Estate of Ryan Dylan Buttari, deceased, by counsel, calls upon the defendants, Michael Everette, M and C Transfer, LLC, and 88 Freight, LLC, to produce the following documents at Tronfeld, West & Durrett, 4020 West Broad Street, Richmond, Virginia within twenty-eight (28) days pursuant to the rules of the Supreme Court of Virginia.

1.     Any and all statements taken from any eyewitness to the accident now sued upon.

**<u>RESPONSE:</u>**

2.     Any and all statements taken from you by any person including but not limited to any representative of your insurance company.

**<u>RESPONSE:</u>**

3.     Any and all pictures, still or motion, videotapes or other photographic representation taken of the vehicles involved in this accident, including but not limited to any photographs or video taken by a GoPro, dashcam, or similar camera during the accident.

**<u>RESPONSE:</u>**

4.     Any and all pictures, still or motion, videotapes or other photographic representation taken of the scene of the accident, including but not limited to any photographs or video taken by a GoPro, dashcam, or similar camera during the accident.

**<u>RESPONSE:</u>**

5.      Any and all sketches/diagrams, plans, plats, drawings, maps, or schematics concerning the accident scene or in any way relating to this accident.
**RESPONSE:**

6.      Any and all pictures, still or motion, videotapes or other photographic representation taken of the plaintiffs' decedent.
**RESPONSE:**

7.      All documents, records, pictures, or videotapes of any nature pertaining to any surveillance or observation of the plaintiffs' decedent.
**RESPONSE:**

8.      Printouts of any and all social media posts pertaining to the plaintiffs' decedent.
**RESPONSE:**

9.      Any and all repair bills or estimates of repair concerning the damages caused to your vehicle or to the vehicle you were occupying at the time of the accident.
**RESPONSE:**

10.     A copy of the defendant's complete driver's license (unfolded, front and back).
**RESPONSE:**

11.     A copy of the police report.
**RESPONSE:**

12.     A copy of all insurance policies (including declaration sheets) providing coverage for this claim and referenced in Interrogatory No. 2 and/or 3.

**RESPONSE:**

13.     All medical records, employment records or other documents obtained by subpoena duces tecum or other discovery during the course of this litigation.

**RESPONSE:**

14.     Any and all documents which defendant will attempt to introduce at trial.

**RESPONSE:**

15.     Any and all documents identified or relied upon in answering Plaintiffs' First Interrogatories.

**RESPONSE:**

16.     Any report prepared by an expert detailing or opining about the injuries claimed by the plaintiffs' decedent.

**RESPONSE:**

17.     All correspondence which you received from your insurance carrier concerning the accident, to include, but not limited to "reservation of rights" letters, "denial of coverage" letters, premium letters, invoices and the like.

**RESPONSE:**

18.     Any incident report or other documentation prepared by any person, in your possession, which describes, depicts, or otherwise memorializes the accident in question.

**RESPONSE:**

19.     Any and all medical records or documents identified in Interrogatory Answer #15.

**RESPONSE:**


20.     All data, including but not limited to transcripts of data, report/s, projections, and analyses from all machines, computers, and electronic devices, including Event Data Recorder, "black box" data, GPS systems, OnStar and/or other navigation devices from any vehicles involved in the crash or traffic control devices recorded at the time of and/or within the preceding and following one (1) hour of the alleged incident.

**RESPONSE:**


21.     Any and all contracts, operating agreements, or similar documents entered into between Michael Everette, M and C Transfer, LLC, and/or 88 Freight Services, LLC at any time prior to the sued upon accident on September 26, 2020.

**RESPONSE:**


22.     Any and all contracts, operating agreements, or similar documents entered into between Michael Everette, M and C Transfer, LLC, Halal Freight, LLC and/or 88 Freight Services, LLC at any time prior to the sued upon accident on September 26, 2020.

**RESPONSE:**


23.     Any and all pay records, invoices, receipts, vouchers, reimbursements or similar documents, whether stored electronically or in paper form, reflecting payments made to/ from Michael Everette, M and C Transfer, LLC, and/or 88 Freight Services, LLC, for the one-year period prior to the sued upon accident and including September 26, 2020.

**RESPONSE:**

24.     Any and all pay records, invoices, receipts, vouchers, reimbursements or similar documents, whether stored electronically or in paper form, reflecting payments made to/ from Michael Everette, M and C Transfer, LLC, Halal Freight, LLC, and/or 88 Freight Services, LLC, for the one-year period prior to the sued upon accident and including September 26, 2020.

**RESPONSE:**

25.     Any and all pay records, invoices, receipts, vouchers, reimbursements or similar documents, whether stored electronically or in paper form, reflecting payments made to/from Michael Everette, M and C Transfer, LLC, and/or 88 Freight Services, LLC, for the one-year period prior to the sued upon accident and including September 26, 2020.

**RESPONSE:**

26.     Any and all pay records, invoices, receipts, vouchers, reimbursements or similar documents, whether stored electronically or in paper form, reflecting payments made to/from Michael Everette, M and C Transfer, LLC, Halal Freight, LLC, and/or 88 Freight Services, LLC, for the one-year period prior to the sued upon accident and including September 26, 2020.

**RESPONSE:**

27.     Any and all application forms, policies, procedures, or guidelines applicable to Michael Everette, M and C Transfer, LLC, Halal Freight, LLC and/or 88 Freight Services, LLC's work for you prior to the sued upon accident on September 26, 2020.

**RESPONSE:**

28.     A complete copy omitting nothing from defendant, Michael Everette's Qualification File as described in FMCSR 391.51 (a) – (d)(5), personnel file and/or employment records including but not limited to reprimands, termination documents, DOT violations, training records, job evaluations, DMV record and any and all records from Michael Everette's employment with M and C Transfer LLC and/or 88 Freight Services, LLC

**RESPONSE:**

29.     A copy of defendant, Michael Everette's log book pertaining to hours driven during 2020.

**RESPONSE:**

30.     Any and all records pertaining to the 2007 Peterbilt tractor and 2006 Fontaine Trailer involved in the subject accident including but not limited to a copy of the bill of purchase, the operator's manual, log book pertaining to hours of operation of the tractor and/or trailer, inspection documents, maintenance records, repair records, service records and any information from an on-board camera, GPS, or driver management system.

**RESPONSE:**

31.     Any and all records or documents regarding daily inspections or Department of Transportation inspections performed by defendant, Michael Everette from September 19, 2020 through September 26, 2020.

**RESPONSE:**

32.     Copies of defendant, Michael Everette's time sheets, travel logs, daily truck records, Department of Transportation log sheets or any records or documents pertaining to defendant, Michael Everette's hours of driving or operating vehicles from July 26, 2020 through September 26, 2020.

**RESPONSE:**

33.     Any and all records or documents pertaining to defendant, Michael Everette's salary, pay, compensation or reimbursement of expenses for 2019 through 2020 including but not limited to W-2s, paystubs or payroll records.

**RESPONSE:**

34.     A complete copy of M and C Transfer, LLC's safety rules, safety regulations, safety policies, safety standards or safety manual pertaining to driving/operating of company vehicles on the highways both before and after the collision on September 26, 2020.

**RESPONSE:**

35.     A complete copy of M and C Transfer, LLC's rules, regulations, policies, safety standards or safety manual pertaining to hours of driving/operating of company vehicles both before and after the collision on September 26, 2020

**RESPONSE:**

36.     A complete copy of 88 Freight, LLC's safety rules, safety regulations, safety policies, safety standards or safety manual pertaining to driving/operating of company vehicles on the highways both before and after the collision on September 26, 2020.

**RESPONSE:**

37.     A complete copy 88 Freight, LLC's rules, regulations, policies, safety standards or safety manual pertaining to hours of driving/operating of company vehicles both before and after the collision on September 26, 2020.

**RESPONSE:**

38.     Any and all documents or records pertaining to defendant, Michael Everette's work schedule or assignments for August 26, 2020 through September 26, 2020.

**RESPONSE:**

39.     Produce all medical records from any healthcare provider including doctors, hospitals and therapists the defendant, Michael Everette has seen in the last ten (10) years including those seen for the collision.

**RESPONSE:**

40.     Produce all physical qualification examination forms and documents for the last ten (10) years as described in FMCSR §391.41 and all medical records pertaining to any physical qualification examinations conducted pursuant to DOT or any state CDL regulations regarding Michael Everette.

**RESPONSE:**

41.     Produce a copy of defendant, Michael Everette's medical examiners certificate for the last ten (10) years pursuant to FMCSR §391.43.

**RESPONSE:**

42.     Produce a copy of any and all medical records and MCSA-5850 forms pursuant to FMCSR §391.43 (5)(i)(A) regarding Michael Everette.

**RESPONSE:**

43.     Produce a copy of Michael Everette's criminal history from North Carolina.

**RESPONSE:**


44.     Provide the results of all background investigations on the defendant, Michael Everette as described in FMCSR 391.53 (a) – (d).

**RESPONSE:**


45.     Provide the results of all investigations and queries on the defendant, Michael Everette as described in FMCSR 391.23.

**RESPONSE:**


46.     Provide the results obtained by DAC Services Inc., USIS Commercial Services Inc., and any and all additional reporting agencies used in the course of hiring or retaining defendant, Michael Everette

**RESPONSE:**


47.     Provide the defendant, Michael Everette's Record of Duty Status and supporting documentations as described in FMCSR 395.8 (k) for the accident date and six months prior.

**RESPONSE:**


48.     All documents and/or records pertaining to any and all accidents involving defendant, Michael Everette

**RESPONSE:**

49.     Provide the results of all DOT required drug and alcohol testing to include pre-hire tests, post-accident tests, return to work tests, required random tests, and reasonable suspicion tests.

**RESPONSE:**


50.     Provide the defendant, Michael Everette's attendance records and the subject matter of any company provided safety training and safety meetings.

**RESPONSE:**


51.     Provide detailed documentation of all disciplinary actions taken against the defendant, Michael Everette in response to the defendant, Michael Everette's crash history, poor performance, unsafe behavior, customer complaints, motorist's complaints, hours of service violations, freight claims, and equipment damage claims.

**RESPONSE:**


51.     Provide copies of all driver handbooks, manuals, policy books, and instructions manuals issued to the driver.

**RESPONSE:**


52.     Provide the Bill of Lading and all additional shipping documents related to loads transported by the defendant, Michael Everette between August 12, 2020 through September 26, 2020 including but not limited to: fuel receipts, toll receipts, E-Z Pass records, QualComm dispatch instructions, and scale charges.

**RESPONSE:**

53.     Please identify any documents not being provided or being withheld as having been produced in response to Plaintiff's First Request for Production of Documents.

**RESPONSE:**

54.     Any and all records maintained pursuant to the International Registration Plan (IRP) and/or the International Fuel Tax Agreement (IFTA), but not limited to

   a.      individual vehicle mileage records (IVMR);

   b.      distance records;

   c.      fuel records;

   d.      tax paid retail fuel purchases;

from August 12, 2020 through September 26, 2020 for defendant, Michael Everette.

**RESPONSE:**

55.     Any and all records, documents, in paper or electronic form, pertaining to an electronic bypass system, including but not limited to Prepass, Norpass, Drivewyze or any other automatic vehicle identification (AVI) system from August 12, 2020 through September 26, 2020 for defendant, Michael Everette.

**RESPONSE:**

56.     Any and all electronic data, to include ECM data, downloaded or otherwise obtained from the vehicles involved in the accident sued upon.

**RESPONSE:**

SAMUEL A. BUTTARI, SR. AND JAMIE MCCANN,
CO-ADMINISTRATORS OF THE ESTATE OF RYAN
DYLAN BUTTARI, DECEASED

By:_____
                              Counsel

Kelly B. Martin, Esquire (VSB #77029)
Tronfeld West & Durrett
4020 West Broad Street
Richmond, Virginia 23230
(804) 358-6741 – Telephone
(804) 355-0226 – Facsimile
kmartin@twdinjurylaw.com

CERTIFICATE/LETTER OF QUALIFICATION -
FOR PROSECUTION OR DEFENSE OF CIVIL ACTION
COMMONWEALTH OF VIRGINIA
VA. CODE §§ 64.2-454

Court File No. ..CWF.20.-146...............

.............................Sussex..County........................................ Circuit Court

I, the duly qualified clerk/deputy clerk of this Court, **CERTIFY** that on ..........30  November  2020.............
                                                                                                                    DATE

.................Samuel..A...Buttari,..Sr...,..and..Jamie..McCann.................
                          NAME(S) OF PERSON(S) QUALIFYING

duly qualified in this Court, under the provisions of Virginia Code § 64.2-454, as administrator of the estate of

.....Ryan Dylan Buttari...................................................., deceased, solely for the purpose of prosecution

or defense of a civil action for personal injury and/or death by wrongful act.

The powers of the fiduciary(ies) named above continue in full force and effect.

$ 100.00.......................................... bond has been posted.

Given under my hand and the seal of this Court on

.....30  November  2020...........
          DATE

                                                      _____ , Clerk

                      by _____ , Deputy Clerk





PLAINTIFF'S
EXHIBIT
A

FORM CC-1627 (MASTER) 07/15