**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VIRGINIA**
**(Richmond Division)**

SAMUEL A. BUTTARI, SR. AND JAMIE MCCANN,
CO-ADMINISTRATORS OF THE ESTATE OF
RYAN DYLAN BUTTARI, DECEASED,

*Plaintiffs*,

v.

Case No: 3:21-cv-00070-DJN

MICHAEL EVERETTE, *et al*.

*Defendants.*

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT 88 FREIGHT, LLC'S MOTION TO DISMISS**

COMES NOW the plaintiffs, Samuel A. Buttari, Sr. and Jamie McCann, Co-Administrators of the Estate of Ryan Dylan Buttari, Deceased, by counsel, and states the following in support of their Memorandum in Opposition to Defendant 88 Freight, LLC's ("88 Freight") Motion to Dismiss:

**BACKGROUND**

This wrongful death action arises from a September 26, 2020, multi-vehicle accident in Petersburg, Virginia. The decedent's host vehicle was stopped for traffic when the defendant, Michael Everette, drove his tractor trailer into several stopped cars. He drove into these vehicles at full speed after ignoring several overhead signs warning that traffic had come to a stop due to an earlier accident. As a result, Samuel A. Buttari, Sr. and Jamie McCann's six-year-old son Ryan Buttari was killed.

The plaintiffs initially filed this case in the Petersburg Circuit Court on February 10, 2021, and the defendants Michael Everett and M and C Transfer, LLC removed the case to this

court. On February 11, 2021, defendant 88 Freight, LLC filed an Answer and a Motion to Dismiss. Plaintiffs ultimately filed their Motion to Amend the Complaint, Memorandum in Support, and Proposed Amended Complaint that afternoon. (ECF Docs. 9, 10, 11).

On February 12, 2021, the Court issued an Order deeming the Amended Complaint the operative pleading in this matter and instructing Defendants to file their responsive pleadings or motions within fourteen days of service of the Amended Complaint. (ECF Doc. 13). On February 25, 2021, 88 Freight filed a Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6). (ECF Doc. 20; Defendant's Memorandum in Support: ECF Doc. 21).

For the reasons to follow, the Court should deny 88 Freight's Motion to Dismiss.

**ARGUMENT**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The facts set forth in the complaint must be assumed to be true in deciding on a motion to dismiss for failure to state a claim. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Johnson v. Mueller*, 415 F.2d 354 (4th Cir. 1969); *Lucas v. Kale*, 364 F. Supp. 1345 (W.D. Va. 1973);*see also Martin*, 980 F.2d at 952. For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted and the complaint is to be liberally

construed in favor of the plaintiff. *See MacKethan v. Peat*, *Marwick, Mitchell & Co.*, 439 F. Supp. 1090 (E.D. Va. 1977); *Jetform Corp. v. Unisys Corp.*, 11 F. Supp. 2d 788 (E.D. Va. 1998) ("Generally, motion to dismiss under Rule 12(b)(6) must be assessed in light of Rule 8's liberal pleading standards. Therefore, the complaint need only state sufficient facts to enable the defendant to draft a responsive pleading.").

Furthermore, a "Complaint should not be dismissed merely because the court doubts that plaintiff will ultimately prevail; so long as a plaintiff colorably states facts which, if proven, would entitle him to relief, the motion to dismiss should not be granted." *Adams v. Bain*, 697 F.2d 1213 (4th Cir. 1982).

**I. Count I of the Amended Complaint**

a. Plaintiffs Have Pled Sufficient Facts to Support Agency Relationship between 88 Freight and Everette/M and C Transfer.

In Virginia, the doctrine of *respondeat superior* imposes tort liability on an employer for the negligent acts of its employees. *McDonald v. Hampton Training Sch. for Nurses*, 486 S.E.2d 299, 300 (Va. 1997). Determining whether an entity is an independent contractor or employee of another, requires the court to examine the following factors: (1) selection and engagement; (2) payment of compensation; (3) power of dismissal; and (4) power of control. *See Hadeed v. Medic-24, Ltd.* 377 S.E.2d 589, 594-95 (Va. 1989). The fourth factor, power of control, is determinative. *Id.* However, the employer need not actually exercise this control; the test is whether the employer has the power to exercise such control. *McDonald*, 486 S.E.2d at 301 (Va. 1997).

Control in the context of a commercial trucking tort case is a multivariate analysis which can be proved by witness testimony, documents, correspondence, recordings, and other evidence.

This type of analysis necessarily involves consideration of the totality of the circumstances and evidence. These are matters that are necessarily developed through discovery.

These evidentiary findings and considerations are not appropriately addressed with a Rule 12(b)(6) motion. A plaintiff's only requirement at the pleading stage is to provide a short and plain statement making clear to a defendant that a vicarious liability/*respondeat superior* claim is being made against the defendant and the reasons therefore. *See BP Chems. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 687 (8th Cir. 2002) (plaintiffs are not required to allege the existence of agency with particularity except in cases involving fraud); *Johns v. Stillwell*, No. 3:07cv00063, 2008 U.S. Dist. LEXIS 54920, at *11 (W.D. Va. July 18, 2008) ("The [plaintiffs] are not required to prove the agency . . . at this [pleading] stage of the litigation . . . ."); *Coverdell v. Bank of Am., N.A.*, No. 11-5028-CV-SW-RED, 2011 U.S. Dist. LEXIS 169755, at *10 (W.D. Mo. Aug. 5, 2011) ("It is worth noting that an agency-principal relationship is not subject to a heightened pleading requirement . . . ."); *Weitz Co., LLC v. MH Wash., LLC*, No. 06-0559-CV-W-DGK, 2008 U.S. Dist. LEXIS 123223, at *35-36 (W.D. Mo. Aug. 19, 2008) ("[T]he pleading of an agency relationship is not subject to Rule 9(b)'s heightened pleading requirement.").

Here, Plaintiffs' vicarious liability/*respondeat superior* claim against 88 Freight is clearly and unambiguously laid out in Plaintiffs' Amended Complaint, including the details of the control which 88 Freight exercised over Michael Everette and M and C Transfer. Beginning in Paragraph 3, the Amended Complaint states that Everette was operating his tractor trailer at the request and benefit of 88 Freight and as an agent and employee of 88 Freight. (ECF Doc. 9, Count I, ¶ 3). Plaintiffs then detail further support for this claim in the following paragraphs: that 88 Freight's employee asked Everette to complete a "new carrier setup" document to haul freight (ECF Doc. 9, Count I, ¶ 4); that that employee did so with an "88 Freight" email address (ECF

Doc. 9, Count I, ¶ 5); that that employee arranged for Everette to haul a load on behalf of 88 Freight (ECF Doc. 9. Count I, ¶ 6); that that employee instructed and dispatched Everette to haul said load using an 88 Freight email address (ECF Doc. 9, Count I, ¶ 7); that the load was hauled under dispatch from 88 Freight (ECF Doc. 9, Count I, ¶ 8); that Everette was instructed to direct all communications regarding the load hauled to an 88 Freight email address and to an 88 Freight phone number (ECF Doc. 9, Count I, ¶ 9); that 88 freight controlled the means and methods of how Everette/M and C Transfer transported load including, but not limited to, the use of specific chains and binders to secure the load, taking photographs of the said load and sending it to an 88 Freight email address and phone number before beginning the trip, reserving the right to fine and/or withhold payment if the load was not stacked or secured properly or if the load was late (ECF Doc. 9, Count I, ¶ 10); and finally that he was under the scope of his employment with 88 Freight when the subject accident occurred (ECF Doc. 9, Count I, ¶ 11).

These detailed allegations give 88 Freight more than sufficient notice in understanding the claim against it and clearly gives the defendant sufficient facts to enable it to file a responsive pleading. At the pleading stage, this is all that is required, and plaintiffs have met her burden in setting forth her vicarious liability claim against 88 Freight. For this reason, the defendant's Motion to Dismiss should be overruled.

b. Defendant's Exhibits 1 and 2 of its Motion Should Not Be Considered in Determining the Sufficiency of Plaintiffs' Pleading

88 Freight attached two exhibits to its Motion to Dismiss that it asks the Court to consider in support of its argument. (ECF Doc. 21-1 and 21-2). Considering these documents at the pleading stage is inappropriate. Generally, when deciding whether to grant a 12(b)(6) motion, courts are to consider the allegations in the complaint. Wright & Miller, *supra* § 1357. Courts may *only* consider extrinsic evidence if it was incorporated by reference or explicitly relied upon

in the complaint. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). Limited quotation and tangential reference to extrinsic documents is not enough to open the door to the court's review and consideration of these documents upon a Rule 12(b)(6) motion. *See Goldman v. Belden*, 754 F.2d 1059, 1066 (2nd Cir. 1985) ("The documents relied on in the present case, in contrast, had not been attached to the Complaint as exhibits; nor were they incorporated by reference into the Complaint. The documents here were to some extent quoted, but limited quotation does not constitute incorporation by reference."); *Seidel v. Pub. Serv. Co.*, 616 F. Supp. 1342, 1353 (D.N.H. 1985) ("T]he fact that a plaintiff might quote from a corporate document in its pleading without appending such document to the pleading does not permit the defendants to introduce such document where a dismissal is sought pursuant to Rule 12(b)(6).").

Here, 88 Freight's Exhibits 1 and 2 were not appended to the complaint nor explicitly relied upon or incorporated by reference in plaintiffs' pleading. In the context of contract litigation[1], defamation and libel[2], and copyright infringement[3], the central dispute is over the particular language of a document itself or depiction within a discreet piece of media. Agency in a commercial trucking tort case such as this is a multivariate analysis, under which control is the deciding factor, can be proved by witness testimony, documents, correspondence, recordings, and other evidence. This type of analysis necessarily involves consideration of the totality of the circumstances and evidence and is not determined by singular documents.

Plaintiffs' Amended Complaint does reference the "New Carrier setup" and email communications, however these mentions are akin to the limited quotation in *Goldman* and

---

[1] *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (court allowed review of extrinsic healthcare provider agreement because it formed the entire basis of the particular claim at issue)
[2] *Fudge v. Penthouse International, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. R.I. March 1, 1988) (libel action where entire claim based upon content of published magazine article).
[3] *Tessler v. NBC Universal, Inc.*, 2009 U.S. Dist. LEXIS 27345, *1 (E.D. Va. March 31, 2009).

*Seidel*. For this reason, Defendant's Exhibit 1, containing these items, should not be considered by the Court in ruling on this motion to dismiss. Defendant's Exhibit 2, "Rate & Load Confirmation", is likewise limitedly quoted, but again that alone does not permit opening the door to the court's review on a motion pursuant to Rule 12(b)(6).

Furthermore, 88 Freight's Exhibit 1 also includes a "Transportation Brokerage Agreement," which is not referenced by Plaintiffs' Amended Complaint and appears to have been shoehorned in by way of introduction through the "New Carrier setup" emails. The plaintiffs, of course, did not reference or rely on the Transportation Brokerage Agreement in the Amended Complaint as 88 Freight is not a party to the agreement. Therefore, it is not proper for the court to consider the document, or any of the exhibits, 88 Freight references in its Motion to Dismiss.

c. Exhibits 1 and 2 Raise Factual Questions which Cannot Be Decided as a Matter of Law

Should the Court consider Exhibits 1 and 2 for a 12(b)(6) motion even though the plaintiffs did not incorporate by reference or explicitly rely upon the exhibits, the Court should deny the Motion to Dismiss because these documents raise factual matters which are in dispute and which can only properly be adjudicated by a jury. The function of a motion pursuant to Rule 12(b) is not to resolve contests surrounding the facts. *See, e.g.*, *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).

One of the primary factual disputes in this matter is whether 88 Freight is the entity which hired Everette/M and C Transfer to haul the load in question and whether defendants Everette/M and C Transfer were in the scope of its agency/employment with 88 Freight at the time of the crash. Plaintiffs have clearly alleged that they are. (*See* ECF Doc. 9, Count I, ¶¶ 3 –

11). Defendant's Exhibit 1, "New Carrier setup," does not resolve this issue in 88 Freight's favor. Wendy Butterick, who arranged with Everette/M and C Transfer for the hauling of the load in question, communicated with them using an email with the following signature block:

Best Regards ,
Wendy Butterick
88 FREIGHT,LLC

(ECF Doc. 21-1). Analogizing to the legal profession, when a third party receives an email from the undersigned counsel, it includes the signature block of the firm for which he works, and parties receiving said email can rightfully assume that he is employed by that entity and certainly, at a minimum, acting on that entity's behalf. Furthermore, the email address which Ms. Butterick uses during this communication is "88freight@gmail.com" and she appears to copy another recipient address "88freightdispatch@gmail.com." If it is so simple to create any gmail address that an individual desires, as Defendant suggests[4], one wonders why Ms. Butterick is not using an email which reads "halalfreight@gmail.com" or "halalfreightdispatch@gmail.com" in order to conduct these communications.

Even if Ms. Butterick, potentially being the agent of two trucking-industry businesses, was simply using this email for convenience, she next provides an agreement which directs invoice payment to that same email – "88freight@gmail.com." Certainly this raises a factual question which cannot be adjudicated at the pleading stage.

As described above, Exhibit 1 also includes a Transportation Brokerage Agreement. Defendant argues that Plaintiffs are hoping the Court overlooks the "independent contractor" language. (ECF Doc. 21 at 6). Yet, 88 Freight is not a party to the agreement and therefore the

[4] *See* ECF Doc. 21, p. 5, n. 2.

self-serving language is not controlling or relevant to 88 Freight's Motion to Dismiss. Further, even if 88 Freight was somehow involved in the agreement referenced in its Motion, the court and the jury need not take a written agreement's agency labels as conclusive in determining the exact nature of the master-servant relationship. *See, e.g.*, *Thaxton v. Commonwealth*, 175 S.E. 2d 264, 268 (1970) (holding that the language and labels used by the parties to an agreement "does not necessarily make all that legally so" in determining what type of agency relationship exists).

Exhibit 2, "Rate & Load Confirmation," again directs communication to "88freight@gmail.com" Under these circumstances and as pled in the Amended Complaint it is a question for the jury as to whether Everette/M and C Transfer were acting as agents/employees of 88 Freight at the time of the crash. The plaintiffs' Amended Complaint has pled sufficient, and detailed, facts that establish an agency relationship and makes 88 Freight liable for this crash under *respondent superior*.

Defendant's Memorandum also discusses at length case law, *see Jones v. C.H. Robinson Worldwide, Inc*., 558 F. Supp. 2d 630 (W.D. Va. 2008) and *Schramm*, *v. Foster*, 341 F. Supp. 2d 536 (D. Md. 2004), which relates to the relationship between freight brokers and freight haulers/motor carriers. It should first be noted that 88 Freight is not a broker, but is instead a motor carrier.[5] (*See* FMCSA Saferweb Profile of 88 Freight, LLC, attached as Exhibit 1.) Plaintiffs are alleging that as a motor carrier, 88 Freight, hired another motor carrier, Everette/M and C Transfer, to haul the load in question.

---

[5] According to its filing with the FMCSA, USDOT No. 2144498; Designation: Motor Carrier. 88 Freight does not appear to disagree that it is a motor carrier.

Besides being inapposite substantively, *Jones* and *Schramm* are also procedurally distinguishable – both cases were decided on motions for summary judgment, not at the pleading stage upon a Rule 12(b)(6) motion.[6]

d. Conclusion

In summary, Plaintiffs' well-pled allegations are sufficient to establish an agency relationship between 88 Freight and Everette/M and C Transfer and to place 88 Freight on notice of the vicarious liability claim against it. (*See* ECF Doc. 9, Count I, ¶¶ 3 – 11). At the pleading stage, this is all that is necessary. *See* FED. R. CIV. PRO. 8(a)(2). The Court should not consider Defendant's Exhibits 1 and 2 as they constitute impermissible extrinsic evidence, but to the extent that they are deemed relevant to the defendant's 12(b)(6) Motion, they only serve to raise factual questions inappropriate for adjudication under Rule 12(b)(6). For all of these reasons, Defendant's motion to dismiss with regard to Count I of the Amended Complaint should be denied.

**II. Count II of the Amended Complaint: Willful and Wanton Negligence and Request for Punitive Damages**

a. Rule 12(b)(6) is Not an Appropriate Vehicle to Seek Dismissal of a Claim for Punitive Damages

As this court has recognized, motions pursuant to Federal Rule of Civil Procedure 12(b)(6) are not appropriate to dispose of requests for punitive damages. *Williams v. AM Lapomarda*, No. 3:19cv631 (DJN), 2020 U.S. Dist. LEXIS 118503, at *49 (E.D. Va. July 6, 2020) (citing *Frye v. Marshall Cty. Coal Co.*, 2017 U.S. Dist. LEXIS 122052, 2017 WL 3326762, at *2 (N.D.W. Va. Aug. 3, 2017) ("[T]he allegations relating to the request for punitive

[6] As were all of the cases cited in Defendant's footnote 3, with the exception of *Dixon v. Stone Truck Line, Inc.*, No. 219CV000945JCHGJF, 2020 WL 7079047, at *17 (D.N.M. Dec.3, 2020). Plaintiff in that case alleged that the vicariously liable motor carrier defendant had *brokered* the transportation of the load in question. That is not the case here.

damages are matters to be developed in discovery."); *Meeks v. Emiabata*, 2015 U.S. Dist. LEXIS 48112, 2015 WL 1636800, at *2 (W.D. Va. Apr. 13, 2015) ("Fed. R. Civ. P. 12(b)(6) does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety."); *Debord v. Grasham*, 2014 U.S. Dist. LEXIS 102240, 2014 WL 3734320, at *1 (W.D. Va. July 28, 2014) ("[A] Rule 12(b)(6) motion is a premature means to attack a request for punitive damages, at least where such damages are theoretically recoverable under the applicable law.")); *see also Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc., 21 F. Supp. 3d 620, 629-32 (W.D. Va. 2014)* (Urbanski, J.); *Downs v. Winchester Med. Ctr., 21 F. Supp. 3d 615, 619-20 (W.D. Va. 2014)* (Urbanski, J.) ("the question of punitive damages is not properly addressed on a motion to dismiss"); *Bocock v. Specialized Youth Servs. of Va. Inc., No. 5:14-cv-50, 2015 U.S. Dist. LEXIS 47005 (W.D. Va. April 10, 2015)* (Dillon, J.) (order denying Rule 12(b)(6) motion to dismiss claim for emotional distress damages).

In *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.,* 21 F. Supp. 3d 620 (W.D. Va. 2014), the court emphasized the impropriety of dismissing a request for punitive damages under Rule 12(b)(6) given the provisions of Fed. R. Civ. Pro. 54:

> Because Rule 54(c) directs courts to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," it "makes little sense to require detailed factual allegations to support a demand for certain damages when such damages may ultimately be awarded even if they were never pled in the complaint."

*Id.* at 631-32. (quoting *Oppenheimer v. Sw. Airlines Co.*, No. 13-CV-260-IEG BGS, 2013 U.S. Dist. LEXIS 85633, 2013 WL 3149483, at *4 n.1 (S.D. Cal. June 17, 2013).

As further developed in *Meeks v. Emiabata*, 2015 U.S. Dist. LEXIS 48112, 2015 WL 1636800 (W.D. Va. Apr. 13, 2015), Rule 12(b)(6) does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety. *Id.* at *4-5. Thus,

punitive damages – being a demand for relief – is only one portion of the overall claim for relief and as such cannot be dismissed through Rule 12(b)(6). *See id.* at *7-8 ("[U]nder the plain terms of Rule 8(a), a demand for relief is not part of the 'statement of the claim,' and is only one part of the 'claim for relief.' . . . Because Rule 12(b)(6) "may be used only to dismiss a 'claim' in its entirety[,]" it is not available to dismiss only a demand for relief. (citations omitted)).

*Meeks* involved a wrongful death claim stemming from a tractor-trailer accident on April 1, 2014, on Interstate 81 in Wythe County, Virginia. 2015 U.S. Dist. LEXIS 48112, at *1. The plaintiffs alleged that the defendant tractor-trailer operator was willfully and wantonly negligent. (*See* Exhibit 2, Def.'s Mem. Supp. Mot. Dismiss, at 4). Defendants moved to have this claim dismissed, and styled their argument as one to dismiss punitive damages. (*Id*. at 8). Nevertheless, their argument was premised upon plaintiffs' alleged failure to plead sufficient facts evincing willful and wanton negligence, with a review of prior court decisions addressing that particular matter. (*Id.* at 8-13). The court held that Rule 12(b)(6), per *Charles*, *supra*, and concurrent case law cited above, is an inappropriate method of disposing with plaintiff's allegations. *Meeks*, at *7-8.

Per this precedent, Defendant's motion to dismiss plaintiffs' request for punitive damages pursuant to Rule 12(b)(6) should be denied.

b. <u>Plaintiffs Have Pled Sufficient Facts to Support Request for Punitive Damages</u>

Should the Court find it appropriate to address the matter of punitive damages at the pleading stage, Defendants' motion to dismiss should likewise be denied. "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R.

Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, "[t]here is no heightened pleading standard for punitive damages, and a short and plain statement of the claim is all that is required." *Paul v. Gomez*, 190 F.R.D. 402, 404 (W.D. Va. 2000) (denying the defendant's Motion to Dismiss a punitive damage claim).

      The Virginia Supreme Court has stated on numerous occasions, in cases such as *Baker v. Marcus*, 201 Va. 905, 908 (1960), that the purpose of punitive damages is for the protection of the public, and as a warning and example to deter the defendant and others from similar conduct in the future. A common law claim for punitive damages must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton. *Woods v. Mendez*, 265 Va. 68 (2003). Willful and wanton conduct is conduct evincing a conscious disregard of the rights of others or reckless indifference to the consequences when the defendant knows his conduct probably would cause injury to another. *Id.* The entirety of the driver's conduct must be considered in determining whether that conduct showed a conscious disregard for the safety of others. *Huffman v. Love*, 245 Va. 311, 314 (1993). If reasonable persons could disagree as to whether a defendant's conduct was so willful or wanton as to show a conscious disregard for the rights of others, a trial court may not remove the issue of punitive damages from the trial of a case but must leave it up to the finder of fact to determine. *Id.* at 315; *see also*

*Webb v. Rivers*, 256 Va. 460 (1998) (reversing a trial court's granting a motion to strike a common law punitive damages claim based on the sufficiency of the evidence presented at trial).

88 Freight relies only on cases involving the sufficiency of evidence at the trial stage, not at the pleading stage. *See Doe v. Isaacs,* 579 S.E.2d 174 (2003) (review of the sufficiency of evidence after trial, not at the pleading stage); *Woods v. Mendez*, 574 S.E.2d 263 (Va. 2003) (review of the sufficiency of evidence after trial, not at the pleading stage); *Webb v. Rivers*, 507 S.E.2d 360 (Va. 1998) (reversing the trial court's granting a motion to strike a common law punitive damages claim at trial); *Harris v. Harman*, 486 S.E.2d 99, 101 (Va. 1997) (review of trial's court refusing to instruct jury on punitive damages after plaintiff had presented her evidence); *Puent v. Dickins*, 427 S.E.2d 340 (Va. 1993) (motion to strike punitive damages at trial); *Huffman v. Love*, 427 S.E.2d 357 (Va. 1993) (motion to strike a punitive damages claim based on a proffer of the evidence at trial); *Hack v. Nester*, 404 S.E.2d 42 (Va. 1991) (sufficiency of the evidence to support a jury verdict for punitive damages); *Booth v. Robertson*, 374 S.E.2d 1 (Va. 1988) (reversing a trial court's granting of a motion to strike a punitive damages claim at trial); *Boward v. Leftwich*, 89 S.E.2d 32 (Va. 1955) (appellate court's review of the sufficiency of evidence after trial, not at the pleading stage). The defendant relies on cases where the Court has analyzed the sufficiency of evidence to a support a common law punitive damages claim after discovery has been concluded. It does not direct the Court in their Motion to Dismiss to a case deciding similar facts at the pleading stage. This is because the plaintiffs in Count II of the Amended Complaint have adequately pled a common law punitive damages claim.

In the present case, the plaintiffs pled particular and sufficient facts to support the allegation that the defendant's conduct was willful and wanton and showed a conscious disregard for the safety of others. The defendant struck the plaintiff's host vehicle at full speed while the

host vehicle and other traffic were stopped. (ECF Doc. 9, Count I, ¶¶ 1-3). The Amended Complaint states that the defendant willfully and wantonly ignored two digital overhead signs advising that there had been an earlier automobile crash, stopped traffic, and lane blockages. (ECF Doc. 9, Count II, ¶¶ 3-4). Despite these multiple warnings, Everette failed to reduce his speed or pay attention to traffic ahead of him. (ECF Doc. 9, Count II, ¶ 6). Based on his previous experience driving tractor trailers and his CDL licensure, Everette knew or should have known that his failure to reduce his speed and pay attention could lead to a catastrophic collision resulting in serious bodily injury or death. *See Alfonso v. Robinson*, 514 S.E.2d 615, 619 (1999) ("[E]vidence that a defendant had prior knowledge or notice that his actions or omissions would likely cause injury to others is a significant factor in considering issues of willful and wanton negligence."); *see also Allstate Ins. Co. v. Wade*, 579 S.E.2d 180, 187 (2003) ([W]hether a defendant acted willfully or wantonly in conscious disregard for the safety of others, involves consideration of the entire conduct of the defendant.").

In conclusion, the plaintiffs have pled sufficient facts to show that Everette's conduct showed a conscious disregard and reckless indifference for the rights and safety of the plaintiff and others. *See Woods v. Mendez*, 574 S.E.2d at 268-69 (2003) (reversing the trial court sustaining a demurrer to a punitive damages claim holding that "reasonable persons could differ in their conclusions whether [the defendant's] actions were sufficient to meet the established standard for proving willful and wanton negligence). 88 Freight's Motion to Dismiss with regard to plaintiffs' request for punitive damages should also be denied.

**CONCLUSION**

For the purposes of Rule 12(b)(6), Plaintiffs have sufficiently pled facts in Count I necessary to establish a claim of vicarious liability against 88 Freight. Plaintiffs' allegations

fairly put 88 Freight on notice of the claim being made against, which is all that is required at the pleading stage. Furthermore, motions pursuant to Rule 12(b)(6) are not an appropriate vehicle to address requests for punitive damages, however, plaintiffs have nevertheless pled sufficient facts in Count II to support such a request at the pleading stage.

WHEREFORE, the plaintiffs, Samuel A. Buttari, Sr. and Jamie McCann, Co-Administrators of the Estate of Ryan Dylan Buttari, Deceased, by counsel, request this Honorable Court deny the Defendant's Motion to Dismiss the Amended Complaint.

SAMUEL A. BUTTARI, SR. AND JAMIE MCCANN, CO-ADMINISTRATORS OF THE ESTATE OF RYAN DYLAN BUTTARI, DECEASED

By: _/s/__Eric W. Speer__________________
Counsel

Kelly B. Martin, Esquire (VSB #77029)
Eric W. Speer, Esquire (VSB #91089)
TRONFELD WEST & DURRETT
4020 W. Broad Street
Richmond, VA 23230
Telephone: (804) 358-6741
Fax: (804) 355-0226
KMartin@twdinjurylaw.com
espeer@twdinjurylaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of March, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Stanley P. Wellman, Esquire
B. Patrick O'Grady, Esquire
HARMAN CLAYTOR CORRIGAN & WELLMAN
P.O. Box 70280
Richmond, VA 23255
*Counsel for Michael Everette and M and C Transfer LLC*

Lindsey A. Lewis, Esquire
FRANKLIN & PROKOPIK
Vistas II
5516 Falmouth Street, Suite 203
Richmond, VA 23230
*Counsel for 88 Freight LLC*

/s/_______________
Eric W. Speer